**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**TRAVIS COBRIEL CHALK,**

               **Petitioner,**

**v.**                                    **Criminal No. 2:03cr146-1**
                                              **Civil No. 2:05cv47**

**UNITED STATES of AMERICA,**

               **Respondent.**

## OPINION & ORDER

This matter is before the Court on Petitioner's motion under 28 U.S.C. § 2255 to vacate,

set aside, or correct his sentence ("Petitioner's Motion").  Docs. 20 & 22.  For the reasons set

forth herein, Petitioner's Motion is **DENIED** and **DISMISSED**.

### I.  Procedural History

Petitioner pled guilty to conspiracy to possess with intent to distribute and distribute

cocaine base, in violation of 21 U.S.C. § 846.  Doc. 11.  On January 15, 2004, the Court

sentenced Petitioner to three hundred and twelve (312) months' imprisonment and five (5) years'

supervised release.  Doc. 17.  Petitioner waived the right to appeal his conviction and sentence in

his plea agreement and, in fact, did not appeal.  See Criminal Case Docket for 2:99cr146.

Acting pro se, Petitioner filed his Motion on January 14, 2005.[1]  Doc. 20.  On July 5,

---

[1] Petitioner declared under penalty of perjury that he mailed his petition on January 14, 2005.  Doc. 20, p.7.  See Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts; Houston v. Lack, 487 U.S. 266 (1988) (pro se federal inmate's notice considered filed as of the date it was placed in prison mail system).

2005, the Court ordered Petitioner to resubmit page five of his Motion, which either Petitioner

had failed to include or had somehow became separated from the rest of Petitioner's Motion at a

later time.  Doc. 21.  The Court advised Petitioner that he must include in his Motion all grounds

for relief from his conviction or sentence, as Petitioner would not be able to include grounds for

relief in a second or successive application unless he first moves the Court of Appeals for the

Fourth Circuit for an order authorizing the district court to consider the application.  See 28

U.S.C. § 2255 ¶ 8.

Petitioner resubmitted page five of his motion under cover of letter dated July 23, 2005.

Doc. 22.  Petitioner advances three grounds for relief:

(1)    That the Petitioner's sentence was enhanced under unconstitutional portions of
       the federal Sentencing Guidelines and that Petitioner must be resentenced;

(2)    Petitioner was denied effective assistance of counsel, because his counsel failed to
       advise him of his right to appeal his sentence, thereby "[d]eceiving [Petitioner] as
       to the existence of an appeal;" and

(3)    Petitioner was denied effective assistance of counsel when his counsel withdrew
       Petitioner's "unresolved objections," thereby denying Petitioner his constitutional
       right to the adversarial testing process.

Id.  Petitioner moved the Court for leave to supplement his Motion on July 22, 2005.

## II.  Motion to Supplement

Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District

Courts provides that the Federal Rules of Civil Procedure may be applied to § 2255 proceedings,

"to the extent that they are not inconsistent with any statutory provisions or these rules."

Petitioner's Motion to Supplement ("Mot. to Suppl.") seeks to amend Petitioner's Motion with

legal research and argument pertaining to the same grounds raised in Petitioner's Motion.  As

Petitioner's Motion to Supplement therefore consists only of "claim[s] or defense[s] . . . [that]

2

arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," Petitioner's Motion to Supplement relates-back to Petitioner's Motion and is therefore timely.  Cf. United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000) (denying motion to amend § 2255 motion because the new claims arose "from separate occurrences of both time and type.") (citations and internal quotation marks omitted).

The Clerk is hereby **REQUESTED** to file Petitioner's Motion to Supplement.

Petitioner's Motion to Supplement is hereby **GRANTED**.

### III.  Ground One

Petitioner states that his Ground One is based on "the recent ruling from the Supreme Court [that the]. . . 'federal Sentencing Guidelines are unconstitutional.'"  Doc. 22.  When Petitioner was sentenced by the Court, application of the Sentencing Guidelines was mandatory. In United States v. Booker, 543 U.S. 220, 258-60 (2005), the Supreme Court of the United States held that mandatory application of the Sentencing Guidelines violated the Sixth Amendment. While Petitioner is correct that he would be entitled to re-sentencing had Booker been decided while his sentence was on direct review, Mot. to Suppl. at 1-2, the United States Court of Appeals for the Fourth Circuit has held that Booker is not retroactively available to federal prisoners on collateral review.  United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Therefore, Petitioner's Ground One is plainly without merit and is hereby **DENIED**.

### III.  Grounds Two & Three

### A.  Ineffective Assistance Claims

Petitioner argues that his counsel rendered constitutionally ineffective assistance.  To prevail on an ineffective assistance of counsel claim, Petitioner must meet two requirements.

3

The Court need not consider both requirements if one of the requirements is not met.  United

States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (citation omitted).

First, Petitioner "must show that counsel's representation fell below an objective standard

of reasonableness."  Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000) (quoting Strickland v.

Washington, 466 U.S. 668, 688 (1984)).  Petitioner's counsel is entitled to a "strong

presumption" that a trial counsel's strategy and tactics fall "within the wide range of reasonable

professional assistance."  Roane, 378 F.3d at 404 (citing Strickland, 466 U.S. at 689).  For

Petitioner's counsel's performance to be deficient, his errors must have been so egregious that he

was not "functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

Roane at 404 (citing Strickland at 687).  The objectiveness of counsel's assistance is based on

counsel's perspective at the time of the alleged error and in light of all of the circumstances,

under a "highly deferential" standard.  Roane at 404-05 (citing Kimmelman v. Morrison, 477

U.S. 365, 381 (1986); Strickland at 689).

Second, Petitioner must also demonstrate "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."  Bacon at 478

(citing Strickland at 694).  In order to do so, Petitioner must show a "probability sufficient to

undermine confidence in the outcome."  Roane at 405 (citing Strickland at 694).

### B.  Ground Two

In Ground Two, Petitioner alleges that his counsel was constitutionally ineffective

because his counsel failed to advise him of his right to appeal his sentence, thereby "[d]eceiving

[Petitioner] as to the existence of an appeal."  Doc. 22.  Petitioner specifically complains of

counsel's failure to inform him of the right to appeal an "illegal" sentence, Mot. to Suppl. at 3,

which Petitioner could do regardless of his waiver of his right to appeal.  See United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994) ("[A] defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations.").  However, as discussed above regarding Petitioner's Ground One, his sentence was not illegal when imposed.

Additionally, the record indicates that Petitioner's October 27, 2003, waiver of his right to appeal his sentence pursuant to a plea agreement, Doc. 11, is otherwise enforceable.  A waiver of a right to appeal contained in a valid plea agreement is enforceable, "so long as it is 'the result of a knowing and intelligent decision to forgo the right of appeal.'"  United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994) (quoting United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991)).  Whether a waiver is "'knowing and intelligent' depends 'upon the circumstances surrounding [its making], including the background, experience, and conduct of the accused.'"  Attar at 731 (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

When deciding whether or not an evidentiary hearing is necessary to resolve a 28 U.S.C. § 2255 motion contesting a guilty plea, "a court must determine whether the petitioner's allegations, when viewed against the record of the Rule 11 plea hearing, were so palpably incredible, so patently frivolous or false as to warrant summary dismissal."  United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) (citations and internal quotation marks omitted).  If Petitioner's allegations can be so characterized, they may be summarily dismissed.  Id. at 220-21 (citations omitted).  One such example of allegations that may be summarily dismissed are "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy . . . ."  Id. at 221.

5

Petitioner's "solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity . . ., because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." Id. at 221 (citations and internal quotation marks omitted). Therefore, absent extraordinary circumstances - such as ineffective assistance of counsel that renders the guilty plea involuntary - "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

On October 27, 2003, Petitioner entered into a plea agreement with the United States. Doc. 11. In his plea agreement, Petitioner waived his right to appeal:

> The defendant is aware that Title 18, United States Code, Section 3742 afford a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly wiaves the right to appeal any sentenced within the maximum provided in the statute of conviction (or the manner in which that sentenced was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.

Id. at 3. Petitioner, Petitioner's attorney, and the Assistant United States Attorney each initialed the page containing this waiver. See id. Petitioner, his counsel, and the Assistant United States Attorney also signed the plea agreement. Id. at 7-8.

The Court conducted a plea agreement hearing in accordance with Federal Rule of Criminal Procedure 11. At the hearing, the Court and Petitioner had the following exchange concerning his waiver of his right to appeal his sentence, while Petitioner was under oath:

THE COURT:     [I]n paragraph 4, you're giving up your right to appeal any sentence the court imposes as long as that sentence does not exceed the sentence permitted by the statute, which in this case is life imprisonment. Do you understand that you are

|  |  | giving up your right to appeal any sentence imposed by the Court? |
|--|--|--|
| PETITIONER: | | Yes, sir. |
| THE COURT: | | The agreement also confirms what I mentioned to you earlier, which is that no one can tell you at this time exactly what your sentence is going to be, and if it turns out to be a greater sentence than that which you expected, that does not give you the right to change your mind about pleading guilty. Do you understand that? |
| PETITIONER: | | Yes, sir. |

Doc. 23 at 10-11.

Contrary to Petitioner's allegations, his plea agreement and his sworn statements also indicate that his counsel had informed him of his right to appeal. Petitioner specified attested, by his signature to the plea agreement, to the following statement:

I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

Doc. 11 at 7 (emphasis in original). The Court and Petitioner had the following exchange at the hearing, while Petitioner was under oath:

| THE COURT: | | Are you fully satisfied with the counsel, representation, and advice you've received from Mr. Kimball as your attorney in this case? |
|--|--|--|
| PETITIONER: | | Yes, sir. |
| * * * * | | |
| THE COURT: | | Did you read the agreement and discuss it with Mr. Kimball? |
| PETITIONER: | | Yes, sir. |

7

THE COURT:          All right.  Do you believe that you understand the agreement?

PETITIONER:         Yes, sir.

Doc. 23 at 9-10.

The statements agreed to by Petitioner in his own plea agreement and those made by

Petitioner under oath at his hearing are directly contradictory to his claim that his attorney failed

to advise him of his right to appeal.  The Court **FINDS** that Petitioner's Ground Two is patently

frivolous and false and Petitioner's Ground Two is therefore **DENIED**.

### C.  Ground Three

Petitioner's Ground Three is that his counsel was constitutionally ineffective by

withdrawing Petitioner's "unresolved objection," thereby violating Petitioner's right "to the

adversarial testing process."  Doc. 22.

On December 22, 2003, Petitioner's counsel advised the probation officer that there were

no objections to the presentence investigation report.  Presentence Investigation Report ("PSR"),

Docket No. 2:03cr146-1, at A-1.  On January 6, 2004, Petitioner's counsel advised the probation

officer of an unresolved objection to the quantity of drugs attributable to Petitioner.  Id. at A-3.

Petitioner's co-defendant had told police on May 17, 2003, that he and Petitioner had purchased

four ounces of "crack" cocaine per week for the past six months.  PSR at ¶ 12.  The probation

officer was aware that Petitioner was incarcerated for three weeks out of those six months and

attributed Petitioner with purchasing four ounces per week for twenty-one (21) weeks, which

came out to 2,381.4 grams of "crack" cocaine.  Id.  Petitioner's counsel objected on the grounds

that Petitioner was incarcerated from November 18, 2002, to January 16, 2003, and February 25,

2003, to February 28, 2003.  Id. at A-3; Doc. 15.  In response to Petitioner's objection, the

8

United States stated that it was prepared to offer the testimony of Petitioner's co-defendant to establish that Petitioner is attributable with a drug quantity in excess of 2.38 kilograms of cocaine.  Doc. 16.

The probation officer recalculated the attributable drug quantity for fourteen (14) weeks, which came out to 1,587.6 grams.  PSR at A-3.  The probation officer decided not to change the PSR, as Petitioner would receive the same base offense level regardless of whether he was attributed with 2,381.4 or 1,587.6 grams.  Id.[2]  At Petitioner's sentencing hearing, Petitioner's counsel withdrew the objection to the attributed drug quantities.  See id. at "Findings of Fact."[3]

As the objection was not material to the calculation of Petitioner's base offense level, and made no difference in the sentencing range applicable to Petitioner, the Court **FINDS** that Petitioner cannot establish that he suffered any prejudice as a result of his counsel's withdrawing the objection.  There is no probability that, even if counsel's performance fell below an objective standard of reasonableness, that "but for counsel's unprofessional errors, the result of the proceeding would have been different."  Bacon at 478 (citing Strickland at 694).

Petitioner also argues that his unresolved objection would have challenged the 100:1 sentencing ratio between quantities of cocaine and cocaine base.  This argument is without merit. See United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir.1995) (rejecting due process and equal protection challenges to the 100:1 sentencing ratio).  Petitioner relies on the fact that some

---

[2] Any quantity of "crack" cocaine, or cocaine base, greater than or equal to 1.5 kilograms received, and still receives, the maximum base offense level of 38.  U.S.S.G. § 2D1.1(c)(1) (2003, 2006).

[3] The Court did grant Petitioner a downward departure, holding that a criminal history of V was not warranted as Petitioner had no adult felony convictions.  PSR at "Findings of Fact." The Court reduced Petitioner's criminal history to IV.  Id.

district courts have rejected the 100:1 ratio, but the Fourth Circuit recently held that sentencing courts may not substitute their own view of a proper sentencing ratio for the ratio set by Congress, even under the now-advisory Sentencing Guidelines.  United States v. Eura, 440 F.3d 625, 633-34 (4th Cir. 2006).

Petitioner's Ground Three is therefore plainly without merit and is hereby **DENIED**.

### IV.  Conclusion

The Clerk is **REQUESTED** to file Petitioner's Motion to Supplement.  Petitioner's Motion to Supplement is **GRANTED**.

For the reasons stated herein, Petitioner's Motion pursuant to 28 U.S.C. § 2255, Docs. 20 & 22, is **DENIED** and **DISMISSED**.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Petitioner and to counsel of record for the United States.

Petitioner is **ADVISED** that he may appeal this Opinion and Order by forwarding a written notice of appeal to the Clerk, United States District Court, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this Opinion and Order.  If Petitioner wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

It is so **ORDERED**.

_____
/s/
HENRY COKE MORGAN, JR.
UNITED STATES SENIOR DISTRICT JUDGE

Norfolk, Virginia
September 11, 2006